**ROYLE, Labor Commissioner of Nevada, v. WARD et al.**

**No. 8201.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1937.

The settlement agreement mentioned in the opinion provided that Royle would accept the sum of $5,000 pro rata out of payments made to the trustee in bankruptcy on the condition quoted in the opinion, as and when payments were made by the party who made the offer of $13,500 mentioned in the opinion.

Walter Rowson, of Reno, Nev., for appellant.

Wayne T. Wilson, of Reno, Nev., for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order of a court in bankruptcy reversing a decision of the referee on review of an order for the payment of a dividend upon the claim of the appellant William Royle. The question involved on the appeal is an interpretation of an agreement entered into between William Royle, the owner of a judgment foreclosing certain labor liens, and Grace V. Ward, the owner of a decree foreclosing a mortgage on the same property, and Wayne T. Wilson, who joined in the agreement by reason of certain costs and expenses of litigation due him.

A difficulty arises in the case because of the fact that when the stipulation was entered into an arrangement had been made to sell the encumbered property of the bankrupt for $13,500. The proposed sale was not effected, and the property was subsequently sold for $12,000. This fund was insufficient to pay the full amount agreed upon in the settlement. The appellant claims that he is entitled to preferential payment of his $5,000 because of a parenthetical condition with reference thereto contained in the contract of settlement, reading as follows:

"Conditioned that there should be no deduction from said amount for any reason whatsoever."

The trial court in a carefully prepared opinion stated the facts and circumstances which impelled him to the conclusion that this condition did not give the petitioner

priority. We are satisfied with the reasonings and conclusions of the trial judge and refer to that decision for a further amplification of our reasons for our conclusion.

We find no merit in the contention of appellant that by previous orders which had become final the question of priority had been determined. The trial court ruled to the contrary, and we agree with that conclusion. No question of general importance is involved in the case, and for that reason we deem it unnecessary to extend this opinion by a restatement here of the facts and circumstances which justify the order of the trial court.

Order affirmed.